# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KATRINA L. HITSMAN,            )
                               )
       Plaintiff,          )
                               )
v.                             )   Case No. CIV-16-565-SPS
                               )
COMMISSIONER of the Social     )
Security Administration,       )
                               )
       Defendant.          )

## OPINION AND ORDER

The claimant Katrina L. Hitsman requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was fifty-one years old at the time of the administrative hearing (Tr. 34). She completed ninth grade, and has worked as a fast food assistant manager (Tr. 35, 48). The claimant alleges she has been unable to work since her alleged onset date of March 1, 2014, due to major depression with psychotic features (Tr. 311).

**Procedural History**

On August 6, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Edmund C. Werre held an administrative hearing and determined the claimant was not disabled in a written decision dated December 22, 2015 (Tr. 11-22). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that she could understand, remember, and carry out simple and some detailed instructions consistent with semi-skilled work and could relate and interact with co-workers, supervisors, and the general public on a work-related

basis. He concluded that the claimant could adapt to a work situation with these limitations/restrictions, and that her medications would not preclude her from remaining reasonably alert to perform the required functions in a work setting (Tr. 15). The ALJ thus concluded that the claimant could return to her past relevant work as a fast food assistant manager, and alternatively found that there was other work she could perform, *e. g.*, dry cleaner helper, bench assembler, and small parts assembler (Tr. 20-21).

**Review**

The claimant contends that the ALJ erred in assessing her RFC because her mental impairments preclude her from maintaining employment on a continual basis. The Court finds this contention unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of major depression with psychotic features, neurotic depression, schizoaffective disorder, anxiety disorder, and posttraumatic stress disorder, as well as the nonsevere impairment of obesity (Tr. 14). The records reveal that the claimant was treated by Dr. Parind Shah beginning in 2012, and his notes reflect diagnoses of depression with anxiety and major depression with psychotic features (Tr. 420-421). In March 2013, he reported she was having a moderate response to depression, and that she had admitted to suicidal thoughts and hallucinations (Tr. 422). Treatment notes largely reflect discussions of medication compliance, and by December 2013 her mood and anxiety were well controlled (Tr. 434). She next saw Dr. Shah in August 2014, at which time she had stopped her medications a few weeks prior and was feeling depressed and having suicidal thinking and hallucinations (Tr. 437).

That same day in August 2014, Dr. Shah completed a mental Medical Source Statement ("MSS"), in which he indicated that the claimant was essentially unable to perform basic work-related activities in a regular work setting (Tr. 444). He indicated that her diagnoses included schizoaffective disorder and PTSD, and that recurrent hallucinations and suicidal thinking demonstrated the severity of her impairments (Tr. 445). He checked numerous boxes related to the claimant's signs and symptoms, including difficulty thinking or concentrating, persistent disturbances of mood or affect, sleep disturbance, hallucinations or delusions, and memory impairment (Tr. 446). He also checked a number of boxes indicating that the claimant was either unable to meet competitive standards or had no useful ability to function with regard to abilities and aptitudes, and further indicated that her impairments would cause to her miss more than four days of work per month (Tr. 447-449). He also indicated that she could not manage benefits for her own benefit, which contradicts statements by both the claimant and her husband (Tr. 320, 328, 449). As relevant, the claimant testified that Dr. Shah went through the form and asked her the answers for the MSS (Tr. 37).

The claimant also received treatment at Green Country Behavioral Health Services, Inc., where she was diagnosed in November 2014 with major depression, recurrent, severe, with psychotic features, as well as PTSD (Tr. 457). Treatment notes reflect that by November 19, 2014 she denied severe depression or anxiety, was sleeping well, had a good appetite, and her medications were working, although there was a note that she was still seeing things that were not there (Tr. 478, 479). She essentially continued to report she was

doing well and that her medications were working through the rest of treatment notes in the record, which go to October, 21, 2015 (Tr. 485-496).

A state reviewing physician determined that the claimant was moderately limited in the three usual areas of ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public as well as the ability to travel in unfamiliar places or use public transportation (Tr. 128-129). The reviewer concluded that the claimant could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation (Tr. 129).

The claimant herself completed an Adult Function Report, in which she indicated that she did not like being in crowded places, could not handle people, could not take pressure or criticism, and did not understand directions anymore (Tr. 325). She indicated that she also takes care of her husband, but that she will put off taking her bath or shower (Tr. 326-327). She stated that she only goes outside when she has to, because she feels safer inside the house, and that her husband drives because she does not pay attention very well (Tr. 328). She further indicated that she has a slow memory and does not complete tasks because she has trouble concentrating, and that she does not get along with others, but that she can walk for a long time (Tr. 330).

In his written opinion, the ALJ summarized the claimant's hearing testimony as well as the medical evidence in the record. At step four, the ALJ discussed Dr. Shah's treatment records from 2012 through 2014, as well as the mental MSS, concluding that the MSS contradicted Dr. Shah's treatment records and that the MSS was completed eight months after her most recent visit (Tr. 17). He thus assigned little weight to Dr. Shah's opinion.

The ALJ continued, noting the claimant's treatment notes with Green Country Behavioral Health, and concluding that all the evidence showed that claimant's symptoms were controlled when she was compliant with her medications (Tr. 18). The ALJ noted that the claimant's Adult Function Report was consistent with her RFC, in that it indicated that she "cooked daily, cleaned house, did laundry, helped with yard work if her husband needed it, only went outside if she had to, walked, went shopping twice a week, and could handle her own money" (Tr. 19). The ALJ then awarded significant weight to the opinions of the state reviewing physicians, and ultimately concluded that the claimant was not disabled (Tr. 20-22).

The claimant disavows any challenges to the ALJ's findings regarding the objective medical evidence, and her sole argument on appeal is that the ALJ failed to properly consider her Adult Function Report. Specifically, she asserts that the Adult Function Report shows that she structures her daily activities to avoid mental stressors, and that the ALJ failed to consider the effect of this on her improvements and her ability to perform work. The undersigned Magistrate Judge finds that the ALJ did not, however, commit any error in his analysis. As discussed above, he noted and fully discussed the findings of the claimant's various treating, consultative, and reviewing physicians, including those records related to any mental impairments the claimant had. Additionally, he specifically noted the claimant's Adult Function Report and her reported daily activities. The ALJ's conclusions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), *quoting* Soc.

Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996).  The ALJ's treatment of the medical evidence in this case meets these standards.  The undersigned Magistrate Judge finds that the ALJ specifically noted the various findings of the claimant's treating, consultative, and reviewing physicians, *adopted* any limitations suggested in the medical record, *and still concluded* that she could perform work as described above.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence.  The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 24th day of September, 2018.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**